IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| IN RE: SUBPOENA TO DISINFORMATION INDEX, INC. *Subpoena Recipient* <br><br> IN CONNECTION WITH: <br><br> THE DAILY WIRE, LLC, *ET AL.*, *PLAINTIFFS*, <br><br> v. <br><br> DEPARTMENT OF STATE, *ET AL.*, *DEFENDANTS*. <br><br> PENDING IN: <br><br> THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TEXAS <br><br> CASE NO.: 6:23-CV-00609 | CASE NO. 1:24-MC-00963-DII |

**PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO COMPEL**

Plaintiffs seek information from subpoena recipient Disinformation Index, Inc ("DI") related to Defendants' unlawful funding and promotion of DI. Defendants funded DI in order to suppress certain, government-disfavored viewpoints in the United States and thereby interfered with Texas's sovereign interests. DI admits that its very purpose is to "provide disinformation risk data," DI Opp. ECF 5 at 2, meaning it purports to evaluate the credibility of information published by entities such as the Media Plaintiffs to reduce circulation of their content if—like Media Plaintiffs—they are deemed unreliable. DI drastically and misleadingly downplays its involvement with Defendants, as well as the breadth of the effect of Defendants' and DI's conduct. Moreover,

1

DI's overbreadth claims misconstrue Plaintiffs' subpoena and the parties' conferrals, and DI's assertion of burden remains entirely unsubstantiated. DI has failed to fully comply with its legal discovery obligations and Plaintiffs' motion should be granted.

### A. Each of Plaintiffs' Requests Seeks Relevant Documents

DI falsely asserts that it has produced all documents relevant to Plaintiffs' claims[1] and that its sole involvement in this case is limited to the receipt of federal grants. *See* ECF 5 at 3 (maintaining "DI has now produced all relevant materials…"), *id.* at 5. DI's analysis of ostensibly relevant materials consists of a single paragraph, ECF No. 5 at 5, which is based on less than *one percent* of the allegations in Plaintiffs' Complaint, *id.* at 5 (citing 3 of over 300 paragraphs), and ignores key points underlying Plaintiffs' claims, including those specifically identified in Plaintiffs' Motion. ECF No. 1 at 2–3. Plaintiffs explicitly allege, in the Complaint, that Defendants' unlawful actions exceeded merely funding companies such as DI, and included marketing, promoting, and helping develop/test products for the company (and many others). MTC Ex. H ¶¶ 1, 3, 64–68, 75–78, 83–84, 101–116.

It appears that DI maintains its relevance objections to Plaintiffs' Requests 1 and 5, each of which seeks documents directly pertinent to their claims—although DI's objections on this point are not entirely discernable. Plaintiffs' Request No. 1 seeks documents that are in DI's possession and refer or relate to **both** (a) the State Department, GEC, TET, or persons acting on their behalf (Defendants) **and** (b) technology platforms (social media companies). The purpose of Request 1 is, among other things, to obtain documents related to: (a) any joint efforts by Defendants and the social media companies to detect and downgrade speech that reached American speech and that DI was aware of or involved in; (b) DI's internal discussion of Defendants' promotions or intended promotions of DI and its content-rating products to the social media companies for such purpose

---

[1] To the extent that DI has produced documents responsive to Plaintiffs' Requests 2 and 3, it inappropriately marked all such documents "Attorney's Eyes Only" and extensively redacted the documents. Plaintiffs will confer with DI about inappropriate designations and redactions but may seek further relief from this Court regarding their Requests 2-3.

or effect; (c) social media companies' requests to or through Defendants for DI or DI-type products for such purpose/effect; (d) DI's discussion or understanding of Defendants' intent to subsidize or facilitate development of DI tools for the social media companies for such purpose/effect; and (e) DI's knowledge of Defendants' efforts resulting in social media companies actually implementing DI products, which would have such effects. The requested documents would establish that Defendants engaged in *ultra vires* or unconstitutional outreach to social media companies and/or that Defendants' efforts were successful, which would support Plaintiffs' assertions regarding liability and standing (specifically traceability).

Plaintiffs' Request No. 5 seeks documents that relate specifically to DI's products **and** to the Media Plaintiffs including their better-known reporters, hosts, programs, or coverage (*i.e.*, Andrew Klavan, Ben Shapiro, Candace Owens, Jordan Peterson, etc., which DI misleadingly characterizes as "a laundry list of individuals, whose relevance … is questionable, ECF 5 at 1), or a prominent Texas media outlet. The purpose of Request 5 is, among other things, to obtain documents related to: (a) DI's specific (negative) evaluations of Media Plaintiffs and their reporters, hosts, and programs; (b) DI's intentional and non-neutral efforts to target Media Plaintiffs or the Texas outlet; (c) requests DI may have received directly or indirectly from Defendants to denigrate or downgrade Media Plaintiffs or the Texas outlet; and (d) DI's knowledge of its impact on Media Plaintiffs or the Texas outlet. Such evidence would be directly relevant to proving that Defendants' *ultra vires*/unconstitutional conduct harmed Plaintiffs, which bears on the crucial issue of standing. Such evidence may also shed light on the motivations underlying Defendants' promotion of DI.

Plaintiffs' Requests 1 and 5 seek documents relevant to their claims.

### B. Plaintiffs' Requests are Not Overbroad.

DI's overbreadth objections disregard the text of the subpoena and the limitations on it that Plaintiffs expressly accepted during conferral. The objections, not Plaintiffs' motion, are moot and unjustified.

First, DI objects that Plaintiffs seek information available to Plaintiffs, Defendants, or the

social media companies. ECF 5 at 7. But the subpoena explicitly provided that DI need not produce documents facially authored by or provided to Defendants. MTC at 4, Ex. A at 9. DI provides no explanation of what Plaintiffs seek that is already in their possession. Further, the Court limited Plaintiffs to issuing five subpoenas in support of their preliminary injunction, precluding Plaintiffs from subpoenaing every social media company. Accordingly, the objections based upon the contention Plaintiffs should obtain relevant information from other parties is inapposite.

Second, DI objects that Plaintiffs seek documents covering a five-year period, ECF 5 at 7. But in an attempt to accommodate DI's concerns, Plaintiffs agreed in the conferral, in writing, and in their Motion, to limit their requests to a three-year period. MTC at 5. DI does not explain how the agreed-upon three-year period is overbroad. This objection is unfounded.

Third, DI claims that Plaintiffs' suggested search terms render their requests overbroad. ECF 5 at 7. As explained in Plaintiffs' Motion, the terms were the result the first conferral between Plaintiffs and DI and meant only to be helpful suggestions. DI misrepresents the Requests when it claims the Subpoena instructed DI to run the terms "across *all* of its" ESI. *Id.* The Requests clearly state that for ESI, documents "***may be identified***" through searches including terms. DI's willful, acontextual misconstruction of Plaintiffs' Requests does not support their overbreadth objection. DI's remaining overbreadth arguments turn on DI's relevance objections, which, as explained above, are also erroneous. In short, DI fails to show how any of Plaintiffs' Requests are overbroad.

### C. Plaintiffs' Requests Are Not Unduly Burdensome.

DI, even in its Opposition, does not explain how Plaintiffs' Requests are unduly burdensome, but instead reiterates its relevance and overbreadth objections. ECF 5 at 5–6. For the reasons explained in Plaintiffs' Motion and above, Plaintiffs' request relevant information and they need the evidence sought to prove Defendants' unlawful conduct and the link between that conduct and Plaintiffs' harm. Moreover, Plaintiffs' Requests are not overbroad but rather reasonably specific, particularly in light of the search terms that Plaintiffs suggested to aid DI's search.

After reiterating its relevance and overbreadth arguments, DI's Opposition baldly asserts that

for a non-profit non-party, "the subpoena is particularly burdensome." ECF 5 at 6. DI's Opposition offers no facts in support of its claim of burden. In later claiming to have a basis for its objections, DI states that it "does not have systems in place to automatically search for and pull" ESI, ECF 5 at 10. For this objection, DI relies upon a conferral letter from counsel, not a declaration. Nor is it at all clear what DI means by its claim. DI may be asserting that unlike a huge public company such as Meta, it does not have comprehensive litigation support software and securities' complaint retention. Most companies do not, but that does not mean the request is overburdensome. Plaintiffs are not asking that DI manually search every byte of data and DI does not claim for example, that it cannot run searches in its email programs or that it cannot search for terms in its data servers. DI provides no estimate of time, data volume, or cost it may incur in responding to Plaintiffs' Requests. DI provides no information about its processes that would help Plaintiffs or the Court to reduce any claimed burden. In sum, DI's burden argument simply reiterates its erroneous relevance and overbreadth arguments and lacks any factual support.

DI's Opposition fails to correct, or in some cases to even address, the faults that necessitated Plaintiffs' Motion to Compel. DI asserts general and unexplained objections; DI offers no explanation for its claim that various terms are "vague"; and DI offers no cognizable facts to support its claim of burden, all of which are improper. *See Heller v. City of Dallas*, 303 F.R.D. 466, 483, 490 (N.D. Tex. 2014) ("General objections … are meaningless and constitute a waste of time for opposing counsel and the court" and "the party resisting discovery [must] show how the requested discovery was overly broad, unduly burdensome, or oppressive by submitting affidavits or offering evidence revealing the nature of the burden"); *Tijerina-Salezar v. Vengas*, 2021 WL 6011137, No. 19-CV-74, *7 (W.D. Tex. Dec. 20, 2021) (responding party "should exercise reason and common sense to attribute ordinary definitions" and "attempt to seek clarification prior to objecting"); *Nasufi v. King Cable, Inc.*, 2017 WL 3334110 *7 (N.D. Tex. 2017) (denying motion to quash based on "undue burden objections" to Rule 45 subpoena, as the objections "are conclusory and unsupported by the specific facts as to the nature and extent of any burden.").

For these reasons and those stated in their Motion, Plaintiffs respectfully request the Court to

compel DI to produce non-privileged documents responsive to Plaintiffs' July 17, 2024 subpoena by no later than September 20, 2024.

| | |
|---|---|
| Date: September 4, 2024 | Respectfully submitted, |
| **KEN PAXTON**<br>Attorney General | /s/ *JENIN YOUNES*<br>**JENIN YOUNES**<br>LEAD ATTORNEY<br>NY Bar No. 5020847 |
| **BRENT WEBSTER**<br>First Assistant Attorney General | NEW CIVIL LIBERTIES ALLIANCE<br>jenin.younes@ncla.legal<br>* *Pro hac vice pending* |
| **RALPH MOLINA**<br>Deputy First Assistant Attorney General | |
| **AUSTIN KINGHORN**<br>Deputy Attorney General for Legal Strategy | *COUNSEL FOR PLAINTIFFS*<br>*THE DAILY WIRE ENTERTAINMENT LLC*<br>*AND FDRLST MEDIA LLC* |
| **CHARLES K. ELDRED**<br>Chief, Legal Strategy | |
| **RYAN D. WALTERS**<br>Chief, Special Litigation Division | |
| /s/ *David Bryant*<br>**DAVID BRYANT**<br>Senior Special Counsel<br>Texas Bar No. 03281500 | |
| **SUSANNA DOKUPIL**<br>Attorney in Charge<br>Special Counsel<br>Texas Bar No. 24034419 | |
| **MUNERA AL-FUHAID**<br>Special Counsel<br>Texas Bar No. 24094501 | |
| **OFFICE OF THE ATTORNEY GENERAL OF TEXAS**<br>Special Litigation Division<br>P.O. Box 12548, Capitol Station<br>Austin, Texas 78711-2548<br>Tel.: (512) 463-2100<br>Susanna.dokupil@oag.texas.gov<br>David.bryant@oag.texas.gov<br>munera.al-fuhaid@oag.texas.gov | |
| *COUNSEL FOR THE STATE OF TEXAS* | |

**CERTIFICATE OF SERVICE**

I certify that a true and accurate copy of the foregoing document and accompanying exhibits was served on September 4, 2024September 4, 2024, to September 4, 2024Subpoena Recipient Disinformation Index, Inc. via email to counsel for Disinformation Index, Inc. Additionally, all counsel from the original proceeding have been served via email.

/s/ *David Bryant*
**DAVID BRYANT**